UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JOHN FRAZER,

    Petitioner,

v.

DAVID PAUL, Warden,

    Respondent.

Civil Action No. 5: 23-235-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate John Frazer has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Frazer filed a form BP-199 with his petition to show that he had requested the required $5.00 filing fee be paid out of his inmate account. *See* [R. 1-2] Nearly two months have passed and the Court has not received payment of the required filing fee. The Court will screen the petition pursuant to 28 U.S.C. § 2243, *see Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021), but regardless of the disposition of his petition, Frazer must still ensure that the required filing fee is promptly paid.

In June 2023, Frazer filed a civil rights complaint in this Court alleging that a dozen nurses at the Federal Medical Center in Lexington, Kentucky violated the Eighth Amendment by administering the wrong dose of insulin to him in the year preceding. *See Frazer v. Mullins*, No. 5: 23-CV-193-REW (E.D. Ky. 2023) [R. 1 therein] When Frazer filed a motion seeking release from custody in that case, the Court denied relief, correctly noting that a prisoner can obtain earlier release only through a habeas corpus petition. [R. 10 therein (*citing Wilkinson v. Dotson*, 125 S. Ct. 1242, 1247 (2005)); R. 12].

Frazer filed his petition in this case shortly thereafter, stating that "12 staff members at FMC Lexington, KY have been administering the wrong dose of Insulin to Plaintiff in violation of the prescribed medication order causing wanton infliction of pain and suffering to plaintiff by causing acute bypoglycemia, causing plaintiff to take emergency measures to abate the effects but causing lasting damage to plaintiff." [R. 1 at 5]  For relief, Frazer seeks release from custody and an order compelling the federal government to pay for his medical care for the rest of his life. *Id*. at 8.

It is well established that "habeas jurisdiction, even in cases attacking the execution of a prisoner's sentence, only attaches if the prisoner is challenging a BOP decision that ultimately affects the length of his confinement." *Nerasin v. Lappin*, No. 11-1190, 2011 WL 5361274, at *5 (N.D. Ohio Nov. 3, 2011).  *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").

There is a narrow exception to that rule, but it does not apply here.  The Sixth Circuit has held that where a prisoner asserts that Eighth Amendment violations arising from medical conditions can *only* be remedied by release from custody, habeas corpus is available to seek release. *Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020).  Here, Frazer complains only that he is not receiving the correct dose of insulin, not that it is impossible for him to receive the proper dose at the prison.  Nor would any such contention be tenable under the circumstances alleged.  The petition must therefore be denied so that petitioner may seek the relief he seeks through the proper mechanism. *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004).

2

Accordingly, the Court **ORDERS** as follows:

1. John Frazer's petition [R. 1] is **DENIED**.

2. The Court will enter a separate Judgment.

Entered: October 2, 2023.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY